PEOPLE *v.* MILES.

CRIMINAL LAW—PROSECUTOR'S CONFESSION OF ERROR—DETERMINATION ON MERITS.

> The confession of a prosecuting attorney that reversible error had been committed in instructing jury and his motion for remand of case so as to set aside defendant's sentence and vacate conviction, dismissing the information charging defendant with unlawful possession of a narcotic drug, and discharging defendant avoided necessity of determining the merit of defendant's presented claim of error.

Appeal from Ingham; Hughes (Sam Street), J. Submitted May 13, 1965. (Calendar No. 29, Docket No. 50,762.) Decided July 13, 1965.

Ronnie Miles was convicted for violation of the narcotics law. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, *John Robert Dethmers,* Special Assistant Prosecuting Attorney, for the people on motion to remand.

*Abood & Abood (Camille Sam Abood* and *Fredric S. Abood,* of counsel), for defendant.

BLACK, J. Defendant was tried, convicted, and sentenced for having unlawfully possessed a narcotic

---

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 948.

drug.[1] Following his appeal to this Court, the prosecuting attorney filed a confession of error[2] and moved to remand with instructions to set aside the defendant's sentence, vacate the judgment of conviction, dismiss the information, and to discharge defendant. Defendant, apparently desirous of a precedent, opposes the motion and requests that his appeal go on to formal decision.

I would purposely refrain from determining the merit of defendant's presented claim of error, there being no need for such determination considering the prosecutor's confession. The confession instead should be accepted as fair basis for the latter's motion and grant thereof. In that view the cause should be remanded to circuit for entry of an order or orders accordingly. I vote accordingly.

KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

T. M. KAVANAGH, C. J., and DETHMERS, J., did not sit.

---

[1] CL 1948, § 335.153 (Stat Ann 1957 Rev § 18.1123).—REPORTER.

[2] The prosecutor requested that the trial judge charge the jury as follows. Such request was granted.

"You do not need to undertake to determine whether or not Ronnie Miles knew that the cigarette contained marijuana. If you find the other two points and that you don't have any doubt or any reasonable doubt that he had the cigarette in question in his hand, in his possession, and that you have no reasonable doubt it contained marijuana, you would bring in a verdict of guilty whether or not he knew that there was any marijuana in the cigarette or not."

By his confession the prosecutor has agreed with defendant's counsel that such charge constituted reversible error.