CITY OF MUSKEGON *v.* SLATER.

1. EMINENT DOMAIN—ATTORNEY FEES—STATUTES.

Attorney fees in condemnation proceeding for urban renewal project are allowable only when permitted, and in amount limited, by statute (CL 1948, § 213.21 *et seq.*).

2. SAME—ATTORNEY FEES.

Attorney fee of $1,250, allowed by trial judge in condemnation proceeding for urban renewal project *held*, not proper, where statute set maximum limit for attorney fee in the amount of $25 (CL 1948, § 213.37).

3. CONSTITUTIONAL LAW—EMINENT DOMAIN—JUST COMPENSATION—ATTORNEY FEE.

Attorney fees are not embraced within *just compensation* for land taken by eminent domain (US Const, Ams 5, 14; Mich Const 1908, art 13, § 1; Const 1963, art 10, § 2).

4. COSTS—CONDEMNATION PROCEEDING—ATTORNEY FEE.

No costs are allowed on appeal to Court of Appeals in condemnation proceeding for urban renewal project from order allowing $1,250 attorney fee, where pertinent statute limited such fee to $25 (CL 1948, § 213.37).

Appeal from Muskegon; Beers (Henry L.), J. Submitted. Division 3 November 4, 1965, at Grand Rapids. (Docket No. 404.) Decided January 25, 1966. Leave to appeal granted by Supreme Court April 7, 1966. See 377 Mich 707; 379 Mich 466.

Condemnation petition by city of Muskegon, a municipal corporation, against Henry S. Slater, John D. Shamel, Esther H. Shamel, and others to acquire

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 18 Am Jur, Eminent Domain § 379.
[4] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

land for an urban renewal project. Award confirmed and order entered assessing attorney fee for defendants and against plaintiff city. Plaintiff appeals. Reversed and remanded.

*Parmenter, Forsythe & Steendam,* for plaintiff.

*James F. Schoener,* for defendants.

. . J. H. GILLIS, J. In order·to implement its urban renewal plan, the plaintiff-appellant city of Muskegon filed a petition for condemnation pursuant to CL 1948, § 213.21 *et seq.* (Stat Ann 1958 Rev § 8.11 *et seq.*)· The defendants-appellees John D. Shamel and Esther H. Shamel were owners of a lot ultimately condemned in these proceedings.

The circuit judge entered an order permitting the defendants to tax $1,250 for attorney fees against the plaintiff. The parties stipulated that this sum is reasonable in amount.

This case has been submitted upon a stipulated statement of facts and the sole issues are whether CL 1948, § 213.37 (Stat Ann 1958 Rev § 8.27) is an unlawful interference with the power of a court to assess reasonable costs and whether this statute violates the right of a defendant to receive just compensation for the taking of his property.

The statute in question states:

"Officers, jurors and witnesses in any proceeding under this act shall be entitled to receive from the petitioner the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts, and it shall be lawful for the judge in any case to order the payment by the petitioner to any respondent of such reasonable attorney fee as he may deem just, not exceeding 25 dollars, which may be taxed with the costs."

Plaintiff contends that the statutory limit of $25 for attorney fees is not unlawful and that the circuit judge exceeded his authority in allowing an attorney fee of $1,250.

Plaintiff contends that a court does not have an inherent power to award costs or attorney fees, and that the right of a prevailing party to recover either is a creature solely of statute.

Decision in this case is controlled by *Detroit Edison Company* v. *Janosz* (1957), 350 Mich 606, wherein the following appears at page 611:

" 'The condemnation statutes of the State of Michigan may be divided into 3 general groups on the question involved in this appeal: those which make no provision for awarding attorney fees, those which provide for attorney fees but specifically limit their amount, and 1 statute which provides for a reasonable attorney fee to be fixed and determined by the court.' "

The Court also stated, at page 610:

"That expert witness and attorney fees are allowable only when and in the amount provided by statute."

The condemnation statute here involved falls into the second category which provides for attorney fees but limits the amount that can be awarded. The circuit judge exceeded his authority in awarding an attorney fee in excess of $25. *Gundersen* v. *Village of Bingham Farms* (1965), 1 Mich App 647.

Defendants' contention that the $25 limitation on attorney fees violates his constitutional rights* to receive just compensation for the taking of his property has been considered by the United States Supreme Court in *Dohany* v. *Rogers* (1930), 281 US

---

* See US Const, Ams 5, 14; Mich Const 1908, art 13, § 1, Const 1963, art 10, § 2.—REPORTER.

362 (50 S Ct 299, 74 L ed 904, 68 ALR 434), a case involving a Michigan condemnation statute. The court held, at page 368:

"Attorneys' fees and expenses are not embraced within just compensation for land taken by eminent domain."

Since no statutory authority exists for the taxation of the $1,250 attorney fee, the order of the circuit judge is reversed and the cause remanded for the entry of an order taxing $25 for the attorney fee.

No costs.

HOLBROOK, P. J., and BURNS, J., concurred.