## CITY OF MUSKEGON v. SLATER.

### APPEAL re SHAMEL.

#### SEPARATE OPINION.

DETHMERS, C. J., and KELLY, SOURIS, O'HARA, and BRENNAN, JJ.

1. COSTS—REGULATION—STATUTE.
   The legislature's right to regulate the items and amounts allowable as costs in suits was recognized in the court rules (GCR 1963, 526.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Costs §§ 2, 6.
[2] 27 Am Jur 2d, Eminent Doman § 473 *et seq.*
[3, 5–8] 20 Am Jur 2d, Costs § 72 *et seq.*; 27 Am Jur 2d, Eminent Domain § 476.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

2. EMINENT DOMAIN—CONSTITUTION—LEGISLATURE—COSTS.

The Constitution of 1963 did not take away from the legislature the power to prescribe what costs should be allowable in condemnation proceedings (Const 1963, art 10, § 2).

3. SAME—STATUTORY LIMITATION.

The legislature had authority to fix the maximum attorney's fee allowable in condemnation proceedings at $25, and no statutory authority exists for the taxation of an attorney's fee in a larger amount (CL 1948, § 213.37).

4. COSTS—CONSTITUTIONAL LAW—CONDEMNATION PROCEEDING.

No costs are allowed on appeal from judgment of Court of Appeals reversing trial court's judgment assessing attorney's fee in excess of $25 as part of costs in condemnation proceeding, a constitutional question being involved (Const 1963, art 10, § 2; CL 1948, § 213.37).

SEPARATE OPINION.

KELLY, BLACK, T. M. KAVANAGH, O'HARA, and ADAMS, JJ.

5. EMINENT DOMAIN—JUST COMPENSATION—ATTORNEY'S FEE.

Attorney fees are not a part of just compensation, to be fixed by the court under the Constitution, for the taking of private property for public use (Const 1963, art 10, § 2).

6. COSTS—ATTORNEY'S FEES—STATUTORY PROVISION.

Present statutory provisions dealing with the allowance of costs, including attorney fees, follow no pattern and when viewed as a whole are completely unjust.

7. EMINENT DOMAIN—ATTORNEY'S FEE.

Reasonable attorney's fee may be allowed in a condemnation case where the condemning authority discontinues the action before an award has been made, but the attorney's fee is limited to $25 by statute in case an award is made (CL 1948, §§ 213.37, 213.38).

8. COSTS—ATTORNEY'S FEES—STATUTES.

Assessment of costs and allowance of attorney fees in actions should be the responsibility of the Supreme Court through amendment by the legislature of the revised judicature act (CLS 1961, § 600.2401).

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Burns and J. H. Gillis, JJ,. reversing Muskegon, Beers (Henry L.), J. Submitted March 8, 1967. (Calendar No. 7, Docket No. 51,417.)

Decided October 2, 1967. Rehearing denied December 4, 1967.

2 Mich App 235, affirmed.

Condemnation petition by City of Muskegon, a municipal corporation, against Henry S. Slater, John D. Shamel, Esther H. Shamel, and others to acquire land for an urban renewal project. Award confirmed and order entered assessing attorney fee for defendants against plaintiff city in the amount of $1,250. Reversed by Court of Appeals and remanded for entry of judgment for attorney's fee in the amount of $25. Defendants appeal. Affirmed.

*Parmenter, Forsythe & Steendam,* for plaintiff.

*James F. Schoener,* for defendants Shamel.

*Sinas, Dramis, Brake & Werbelow (Lester N. Turner,* of counsel), and *James F. Schoener,* for defendants on application for rehearing.

KELLY, J. The city of Muskegon adopted an urban renewal plan and, to implement said plan, filed its petition for condemnation, including a parcel owned by defendants John D. and Esther H. Shamel.

A two-week trial ended in a jury verdict for plaintiff as to the question of necessity and an award of $20,500 damages in favor of defendants Shamel. Defendants filed their proposed taxed bill of costs which included an attorney's fee of $1,250 and the city of Muskegon filed objections, citing the statutory limitation.[1]

---

[1] CL 1948, § 213.37 (Stat Ann 1958 Rev § 8.27) as follows: "Officers, jurors and witnesses in any proceeding under this act shall be entitled to receive from the petitioner the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts, and it shall be lawful for the judge in any case to order the payment by the petitioner to any respondent of such reasonable attorney fee as he may deem just, not exceeding $25, which may be taxed with the costs."

The trial court granted the requested attorney fee, stating:

"It is my opinion that this statute is an illegal and unlawful interference with the power of the court to assess reasonable costs, and further, that it is in direct violation of the rights of the defendant to receive just compensation for the taking of his property."

The Court of Appeals[2] reversed the trial court, holding (1) that no statutory authority existed for the court's grant of $1,250 attorney fee and, according to our holding in *Detroit Edison Company* v. *Janosz* (1957), 350 Mich 606, such authority was necessary; and (2) that in a case involving the Michigan condemnation statutes the United States Supreme Court held:

"Attorneys' fees and expenses are not embraced within just compensation for land taken by eminent domain."[3]

Defendants' and appellants' claim that the legislature lacks the power to regulate the amount of costs is not supported by cases in Michigan or any other jurisdiction. In fact, authority is to the contrary.[4]

The Michigan legislature's right to regulate the items and amounts allowable as costs was recognized and acknowledged in our promulgated court rules, GCR 1963, 526.1.

Defendants and appellants.add an additional issue in their appeal to this Court, claiming the 1963 Constitution took away from the legislature its previous

---

[2] 2 Mich App 235.

[3] *Dohany* v. *Rogers* (1930), 281 US 362, 368 (50 S Ct 299, 74 L ed 904, 68 ALR 434).

[4] 20 Am Jur 2d, Costs, § 5, p 8; 26 ALR 2d, Annotation: Attorney's fees as within statute imposing upon condemner liability for "expenses," "costs," and the like, pp 1295–1301.

right to determine when, and as to what amount, the court could assess costs.

The 1908 Constitution, under article 13, entitled "Eminent Domain," devoted five sections to this subject. The 1963 Constitution, under article 10, entitled "Property," devoted one of its six sections, namely section 2, to eminent domain, as follows:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record."

It is defendants' contention that the last sentence, "Compensation shall be determined in proceedings in a court of record," placed the entire question, including costs, in the hands of the court and took it away from the legislature.

A review, however, of the proceedings and reports of the constitutional convention which wrote the 1963 Constitution discloses no merit in this contention.

In third reading before the convention, Delegate Lawrence offered (2 Constitutional Convention Record (1961), p 3151):

"Mr. President and members of the convention, this amendment consists of 7 words, 7 words only,[5] and it is designed solely for the purpose of protecting the people of the State in giving them the security of knowing that if their property is taken by eminent domain that they will be heard in a court.
* * *

"It leaves the method of doing this entirely up to the legislature to do, but does give the people the right to know that they will have their property rights determined in a court rather than before a board or bureau."

---

[5] Referring to proposed amendment "except in a court of record and" to be inserted after the word *use* in the first sentence of section 2 above quoted.

The convention clearly rejected any change in the meaning of "just compensation" or any expansion of the power of the court, other than insuring court supervision of condemnation proceedings.

We agree with the Court of Appeals' conclusion that:

"Since no statutory authority exists for the taxation of the $1,250 attorney fee, the order of the circuit judge is reversed and the cause remanded for the entry of an order taxing $25 for the attorney fee."

No costs, a constitutional question being involved.

DETHMERS, C.J., and SOURIS, O'HARA, and BRENNAN, JJ., concurred with KELLY, J.

ADAMS, J. (*concurring*).    I agree with Justice KELLY that the statutory limitation of an attorney fee not exceeding $25 is controlling and that attorney fees are not a part of just compensation, to be fixed by the Court under article 10, § 2, Michigan Constitution of 1963, for the taking of private property for public use.

At the present time the allowance of costs, including attorney fees, is dealt with by a hodgepodge of statutory provisions that follow no pattern and that, when viewed as a whole, are completely unjust.

Contrast, for example, the result in this case with the result in *In re Kent County Airport*, 368 Mich 678, wherein it was determined that the defendants were entitled to attorney fees and secretarial services of $2,721.14.[1]    In *Kent*, the contest centered around the question of public necessity.    Defendants

---

[1] It may be noted that the minimum fee schedule of the Ingham county bar association, a typical county fee schedule, provides for attorney fees of $25 per hour for services up to trial and $200 per day for trial,

contested the issue of public necessity. The county discontinued proceedings before that issue was determined. Under the controlling statutory provision (CL 1948, § 213.38 [Stat Ann 1958 Rev § 8.28]), an attorney's fee and actual expenses could be awarded in the discretion of the court.

Establishing that there is no necessity for a condemnation or establishing what the just compensation should be (necessity being perforce conceded) provokes a judicial proceeding not because of the acts of the defendant but because in the one case the condemnation was instituted without the requisite authority and, in the other, because of failure to offer just compensation. In either case, an attorney fee for services ought to be allowable, in the discretion of the trial judge and subject to appellate review. In both situations, the disconsolate and hapless defendant finds himself involved in litigation with attorney fees and other expenses forced upon him.

It may be further observed that the hopelessly inconsistent situation with regard to costs and attorney fees in eminent domain cases exists in virtually every other field of the law. In equitable proceedings, whether to award costs to the prevailing party may be left to the discretion of the chancellor but this is not necessarily the case. See *Merkel* v. *Long,* 375 Mich 214.

It is not unusual to find that the costs in proceedings in municipal courts, fixed by municipal ordinance, are considerably in excess of the same items in similar proceedings in circuit courts.

While generally costs in legal actions between living litigants are quite restricted, a contrary situation exists with regard to decedents' estates. CL 1948, § 708.4 [Stat Ann 1962 Rev § 27.3178(414)]. *Cf. In re Ford's Estate,* 339 Mich 339. Probate judges

are allowed the greatest discretion in awarding attorney fees for services rendered to executors and administrators. CL 1948, § 704.34 [Stat Ann 1962 Rev § 27.3178(285)].

Costs may be assessed against a defendant in a criminal proceeding but a defendant may not recover his costs upon acquittal or even after a confession of error by the prosecuting attorney or by the attorney general. See *People* v. *Miles,* 376 Mich 165. On the other hand, courts are allowed great latitude in the imposition of costs if probation is granted in a criminal proceeding. CL 1948, § 771.3, as amended (Stat Ann 1965 Cum Supp § 28.1133). The judge may determine them precisely or they may be little more than a "guesstimate." Costs may include direct and indirect expenses of apprehension, psychiatric and psychological tests, room and board in the county jail, expenses incurred in conducting investigations, jury costs, probationary oversight, and fees of court-appointed counsel, to mention only a few of the possible items lumped into a single figure. The defendant who is able to pay a substantial sum by way of costs, in effect, may be able to buy his freedom while the impecunious defendant remains confined to jail. While it is true that the imposition of excessive costs may be reviewed, the only such case—*People* v. *Teasdale,* 335 Mich 1,— involved 14 defendants whose costs totaled $45,500 and ranged from $1,000 to $7,500 as a condition of probation.

A complete revision and overhaul of the amount and power to assess costs and attorney fees in all Michigan courts is overdue. The remedy is for the legislature to place responsibility for costs and attorney fees with this Court by amending section 2401 of the revised judicature act (CLS 1961, § 600.2401 [Stat Ann 1962 Rev § 27A.2401]) to read:

"The supreme court shall adopt rules for the taxation or imposition of costs and the allowance of attorney fees. When costs are taxed or imposed and when attorney fees are allowed in any action or proceeding in a court of record, the items and amounts thereof shall be governed by the rules of the supreme court and shall be subject to its regulation."

The deletion of legislative authority from the above section would permit a uniform approach under court rules and would eliminate the piecemeal handling of the problem by the legislature which is illustrated by this case.[2]

Kelly, Black, T. M. Kavanagh, and O'Hara, JJ., concurred with Adams, J.

---

[2] For the most recent example, see PA 1967, No 278.