VELMA E. LAMAR, BILLIE MOORE, CLAUDE R. PODGER AND BLANCHE H. PODGER, ABRAMO FONTANA, AND WILLIAM B. BAILEY, SR., APPELLANTS, v. URBAN RENEWAL AGENCY OF THE CITY OF RENO, NEVADA, A PUBLIC BODY CORPORATE AND POLITIC, RESPONDENT.

No. 5515

October 14, 1968                    445 P.2d 869

*Streeter, Sala & McAuliffe,* of Reno, for Appellants.

*Thornton, Guinan & Griswold,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

This is a consolidated appeal from judgments entered in five separate condemnation actions instituted by the Urban Renewal Agency. The main issue concerns attorney's fees. Each condemnee-appellant asserts that he may recover a reasonable attorney's fee from the condemnor as a matter of constitutional right and, in any event, by reason of Nevada statute. The district court in each case rejected that assertion. That court ruled correctly.

There is no constitutional right in the condemnee to recover his attorney's fees as a part of the "just compensation" awarded for his property. It has long been established law that attorney's fees are not embraced within just compensation for land taken by eminent domain. Dohany v. Rogers, 281 U.S. 362, 368 (1930); City of Ottumwa v. Taylor, 102 N.W. 2d 376 (Iowa 1960). Neither do the Nevada Statutes provide for such an allowance. NRS ch. 37, dealing with eminent domain, does not provide for an allowance of attorney's fees except upon abandonment of the action by the condemnor. This did not happen in any of the cases before us. The general statute governing such fees in civil actions, NRS 18.010, authorizes the court to make an allowance of attorney's fees

when the defendant has not recovered more than $10,000.[1] In these cases each condemnee recovered more than $10,000. Hence, NRS 18.010 cannot apply. We do not decide whether that statute may ever have application to an eminent domain proceeding.

Another point is pressed by one of the appellants—whether a witness who appears without subpoena, and is sworn to testify, is entitled to mileage and the statutory witness fee for each day he attends, including those days when he does not testify. Before 1951 the statutory witness fee of $5 per day could be allowed only if the witness has been subpoenaed to attend. NRS 48.290(1). This was enlarged by amendment to read: "That any person being in attendance at the trial and sworn as a witness shall be entitled to witness fees irrespective of service of subpena." The term "witness fees" is clear; it can only refer to the $5 amount specified in NRS 48.290(1). Mileage must also be contemplated by this provision since it is a subdivision of NRS 48.290(2), specifically allowing mileage.[2] We conclude that a witness sworn as such is entitled to both $5 per day and mileage for each day in attendance.

The disallowance of attorney's fees in each case is affirmed. The allowance of witness fees and mileage for days in attendance in those cases where such an allowance was made, is

---

[1]NRS 18.010 in part reads: "The court may make an allowance of attorney's fees to: * * * The defendant as prevailing party when the defendant has not recovered more than $10,000."

[2]NRS 48.290: "Witnesses required to attend in the courts of this state shall receive the following compensation:

"1. For attending in any criminal case, or civil suit or proceeding before a court of record, master, commissioner, justice of the peace, or before the grand jury, in obedience to a subpena, $5 for each day's attendance, which shall include Sundays and holidays.

"2. Mileage shall be allowed and paid at the rate of 15 cents a mile, one way only, for each mile necessarily and actually traveled by the shortest and most practical route, provided:

"(a) That no person shall be obliged to testify in a civil action or proceeding unless his mileage and at least 1 day's fees shall have been paid him if he demanded the same.

"(b) That any person being in attendance at the trial and sworn as a witness shall be entitled to witness fees irrespective of service of subpena.

"3. Witness fees in civil cases shall be taxed as disbursement costs against the defeated party upon proof by affidavit that they have been actually incurred. Costs shall not be allowed for more than two witnesses to the same fact or series of facts, nor shall a party plaintiff or defendant be allowed any fees or mileage for attendance as a witness in his own behalf."

affirmed. The disallowance of witness fees and mileage for days in attendance in the Fontana case is reversed, and that judgment modified to allow such fees and mileage.

COLLINS, ZENOFF, BATJER, AND MOWBRAY, JJ., concur.