9.88 ACRES OF LAND, etc., Christiana Marine, Inc., a corporation of the State of Delaware; David Pyle Michener, III, and Unknown Owners, Defendants Below, Appellant, and Cross-Appellee,

v.

The STATE of Delaware, upon the relation of the STATE HIGHWAY DEPARTMENT, Plaintiff Below, Appellee, and Cross-Appellant.

Supreme Court of Delaware.

Jan. 26, 1971.

Donald W. Booker, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for

defendant below, appellant, and cross-appellee.

Aubrey B. Lank, of Theisen, Lank & Kelleher, Wilmington, for plaintiff below, appellee, and cross-appellant.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This appeal raises the question of the constitutionality of the portion of our Condemnation Statute, 10 Del.C. § 6111, that provides:

"* * * Fees of counsel or of experts retained by any party may not be taxed as costs under any circumstances upon any of the parties or considered in determining the issue of just compensation."

I.

The State Highway Department instituted these condemnation proceedings for the taking of a certain tract of land. The highest offer made by the Department was $136,500.; the award by the Commission was $265,000.

The owner petitioned the Superior Court for an allowance as costs of $32,125. for attorney's fees and proration of taxes; this was denied. The owner also petitioned for an allowance as costs of $3,500. for expert consultant and witness fees; the Superior Court allowed $1,500. for expert witness fees. The owner appeals from the denial of its petitions for allowance; the Department cross-appeals from the allowance of $1,500. for the owner's expert witnesses, claiming it to be excessive under the now-settled rule controlling such allowances.

II.

The owner points to Art. 1, § 8 of the Delaware Constitution, Del.C.Ann., which provides: "* * * nor shall any man's property be taken or applied to public use

* * * without compensation being made." The owner also points to the Fifth Amendment to the Federal Constitution which provides: " * * * nor shall private property be taken for public use, without just compensation."

The argument is that the owner is deprived of "just compensation" when it must expend a substantial portion of the award, founded upon fair market value of the property, * for the necessary services of counsel and experts; and this is especially so, says the owner, when the final offer of the condemnor is greatly less than the value ultimately established.

■ The argument appeals to the sense of fairness, but it has no tenable basis in constitutional law. It is settled in the law of eminent domain that, in the absence of statute providing otherwise, "just compensation" does not include reimbursement for counsel fees. Despite seemingly unfair invasion of the award for necessary legal representation in the trial of an issue not sought by the property owner, counsel fees are not within the "just compensation" to be paid for property taken, except as may be expressly provided by statute. In withholding counsel fees, there is no denial of "just compensation" in the constitutional sense. For the federal constitutional rule, see E. g., Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1929); In re Clark's Estate (5 Cir., 1951) 187 F.2d 1003; for the state constitutional rule, see E. g., Leadville Water Co. v. Parkville Water District, 164 Colo. 362, 436 P.2d 659 (1968); In re Condemnation of Property of J. Ward Kling, 433 Pa. 118, 249 A.2d 552 (1969); 4 Nichols on Eminent Domain, § 14.249(4).

The owner relies upon In re Board of Rapid Transit Com'rs, 128 App.Div. 103, 112 N.Y.S. 619 (1908); 4 Nichols on Eminent Domain § 14.249(4), p. 706; 2 Lewis on Eminent Domain (3d Ed.) § 812; and 27 Am.Jur.(2d) "Eminent Domain" § 473. These authorities propound the rationale of fairness that may motivate legislative relief in this area; but they cast no doubt upon the force and effect of the general rule of constitutional law we here endorse: in the absence of statute, there is no right to counsel fees in condemnation cases, and the deprivation of such fees does not violate any constitutional right.

If an adjustment in the law of eminent domain is dictated by fairness in this connection, it is a matter for consideration and action by the General Assembly.

Accordingly, we hold that there was no error in the Trial Court's denial of the owner's petition for allowance of counsel fees.

### III.

Similarly, there is no constitutional requirement that the owner be reimbursed for expert consultant fees in a condemnation case. E. g., Nichols on Eminent Domain, § 4.109. The subject of fees for expert witnesses, however, is governed by Statutes, being 10 Del.C. §§ 6111 and 8906. We have recently considered the matter of expert witness fees as reimbursable costs in State v. 0.0673 Acres of Land, etc., Del.Supr., 224 A.2d 598 (1966), and State v. Lots Nos. 133, etc., Del.Supr., 238 A.2d 837 (1968). We there held that, under our Statutes, it is within the discretion of the Trial Court to assess as costs expert

---

* It is settled in this State, as in most other jurisdictions that " * * * just compensation * * * is the fair market value of the property at the time of the taking in view of all available uses and purposes of the property at that time." In the law of eminent domain, "the words 'market value' are words of art, the formal definition of which has been attempted by many courts. Most simply stated, * * * market value is the price which would be agreed upon by a willing seller and a willing buyer under usual and ordinary circumstances, without any compulsion * * * upon the seller to sell or upon the buyer to buy. * * *." Wilmington Housing Authority v. Harris, Del.Super., 8 Terry 469, 93 A.2d 518, 521 (1952); 16.50, etc., Acres of Land v. State Highway Dept. ex rel. Smith, Del.Supr., 208 A.2d 55, 59 (1965).

witness fees in condemnation cases; limited, however, to time necessarily spent in attendance upon the Court for the purpose of testifying.

■ Those decisions and that rule are controlling in the instant case. Applying the rule, the Trial Judge allowed $500. for each of three expert witnesses employed by the owner. On the record before us, we find the witness fees thus allowed fair and reasonable and within the bounds of sound judicial discretion. Under the applicable rule, the allowances are held to be neither grossly inadequate as contended by the owner, nor grossly excessive as contended by the Department. Accordingly, the allowances will not be disturbed.

### IV.

■ Finally, there is the question of whether the owner is entitled to a proration of taxes. It is well recognized, and we hold, that proration of taxes is not an element of "just compensation". E. g., United States v. Certain Parcels of Land, etc. (3 Cir.) 130 F.2d 782 (1942); 4 Nichols on Eminent Domain, § 14.298.

Affirmed.