VALLEY ELECTRIC ASSOCIATION, a Nevada Non-Profit
Cooperative Association, Appellant, v. AUGUSTA H.
OVERFIELD, aka AUGUSTA HARRIET OVERFIELD,
Deceased; ESTATE OF AUGUSTA H. OVERFIELD, aka
AUGUSTA HARRIET OVERFIELD; CHARLES OVER-
FIELD, an Individual; and ILO N. OVERFIELD, an Indi-
vidual, Respondents.

No. 41858

March 10, 2005                                    106 P.3d 1198

*Jones Vargas* and *Melvin D. Close Jr., R. Douglas Kurdziel* and
*Tamara Beatty Peterson,* Las Vegas, for Appellant.

*Nancy Theresa Lord,* Pahrump, for Respondents.

8

Before MAUPIN, DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

By the Court, MAUPIN, J.:

This case presents an issue of first impression for Nevada, whether district courts in eminent domain actions may award landowners attorney fees under NRS 18.010. We conclude that fees are available under the statute.

### FACTS AND PROCEDURAL HISTORY

Appellant Valley Electric Association, a non-profit utility cooperative, filed the condemnation action below to secure an easement over respondents' land for the installation and maintenance of an electrical power transmission line. Respondents (the Overfields) rejected Valley Electric's $6,000 pre-suit settlement offer, answered the condemnation complaint and ultimately proceeded to trial. After obtaining a favorable jury verdict in the amount of $15,045, the Overfields successfully moved for an award of attorney fees under NRS 18.010. Valley Electric challenges the inclusion of attorney fees in the condemnation judgment.

Although this court generally reviews awards of attorney fees for abuse of discretion,[1] this matter implicates questions of law, which this court reviews de novo.[2]

Both the Nevada and United States Constitutions allow for the taking of private property for a public purpose, provided that the government pays just compensation.[3] Other entities, such as public utilities, are authorized by statute to condemn private property.[4]

In *Lamar v. Urban Renewal Agency,* this court reaffirmed the general notion that defendants in condemnation actions have no constitutional right to attorney fees as part of the just compensation for taken property.[5] And, in *United States v. Bodcaw Co.,* the United States Supreme Court stated that compensation to a landowner for indirect costs incurred in a condemnation action ''is a matter of legislative grace.''[6] In Nevada, a court may provide for an award of attorney fees only if a statute or rule authorizes such an award.[7]

NRS Chapter 37, which contains the statutory scheme governing Nevada eminent domain proceedings, provides the only explicit legislative authority for grants of attorney fees in the context of condemnation proceedings. More particularly, NRS 37.140 authorizes attorney fee awards in actions involving construction of railroad facilities, and NRS 37.180 authorizes fee awards when the condemnor abandons the proceedings. Nothing in Chapter 37 expressly limits fee awards to those specific scenarios, and the language of the two provisions does not prohibit fee awards under other statutory authority.[8] From this, the Overfields reason that

---

[1]*Parodi v. Budetti,* 115 Nev. 236, 240, 984 P.2d 172, 174 (1999).

[2]*Trustees v. Developers Surety,* 120 Nev. 56, 59, 84 P.3d 59, 61 (2004).

[3]*Las Vegas Downtown Redev. Agency v. Pappas,* 119 Nev. 429, 441, 76 P.3d 1, 5 (2003); U.S. Const. amends. V, XIV; Nev. Const. art. 1, § 8, cl. 6.

[4]*See, e.g.,* NRS 37.010(8) (authorizing public utilities to exercise right of eminent domain).

[5]84 Nev. 580, 581, 445 P.2d 869, 869 (1968).

[6]440 U.S. 202, 204 (1979).

[7]*Parodi,* 115 Nev. at 240, 984 P.2d at 174.

[8]Valley Electric suggests that we follow the Hawaii Supreme Court's approach in *State v. Davis,* 499 P.2d 663, 666 (Haw. 1972) (noting that specific statutory authorization of attorney fees when the condemnor abandons eminent domain proceedings precludes such awards in other instances). Given our conclusion that NRS 18.010 provides independent grounds for such awards, we decline to follow the Hawaii approach.

NRS 18.010, the general attorney fee statute, allows awards of attorney fees in condemnation actions where recoveries of just compensation are limited in amount. We agree.

In this connection, NRS 18.010(2), in pertinent part, and with emphasis added provides:

> *In addition to the cases where an allowance is authorized by specific statute,* the court may make an allowance of attorney's fees to a prevailing party:
> (a) When he has not recovered more than $20,000 . . . .

A party can prevail under NRS 18.010 "if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit."[9] Further, the judgment must be monetary in nature.[10]

In *Lamar,* this court expressly declined to address whether NRS 18.010 applied to condemnation actions, since the compensation award exceeded the then-existing statutory recovery limit of $10,000 for fee eligibility.[11] Consistent with subsequent amendments to NRS 18.010,[12] we now hold that NRS 18.010 authorizes attorney fee awards to condemnation defendants who recover $20,000 or less in just compensation for the taken property and when warranted in the court's sound discretion.[13] To hold otherwise would force landowners in smaller value condemnation actions to accept unfair "low-ball" settlement offers to avoid exhaustion of additional condemnation proceeds through attorney fee expenditures.

Valley Electric argues that the Overfields fail to qualify as a "prevailing party" under the statute because they did not initiate the lawsuit. We reject this argument because the term "prevailing party" is broadly construed so as to encompass plaintiffs, counterclaimants, and defendants.[14] Valley Electric also argues that the

[9]*Women's Federal S & L Ass'n v. Nevada Nat. Bank,* 623 F. Supp. 469, 470 (D. Nev. 1985).

[10]*Smith v. Crown Financial Services,* 111 Nev. 277, 285, 890 P.2d 769, 774 (1995).

[11]*Lamar,* 84 Nev. at 582, 445 P.2d at 870.

[12]*See* A.B. 185, 63d Leg. (Nev. 1985) (increasing statutory limit of recovery from $10,000 to $20,000).

[13]*See Farmers Ins. Exchange v. Pickering,* 104 Nev. 660, 765 P.2d 181 (1988).

[14]*Smith,* 111 Nev. at 284, 890 P.2d at 773.

Overfields' award of compensation does not qualify as a money judgment because condemnation proceedings result in a judgment *in rem*, which imposes no direct obligation on the condemnor and operates solely with regard to the property. We reject this argument as well because judgments in eminent domain proceedings include determinations of just compensation for condemned property.[15]

### CONCLUSION

We conclude that the district court properly awarded attorney fees in this instance. First, the Overfields recovered less than $20,000 in the proceedings below, thus making them eligible for such an award under NRS 18.010. Second, because they were prevailing parties and recovered an amount substantially in excess of Valley Electric's settlement offer, no abuse of the district court's discretion under this attorney fee statute has been shown. Accordingly, we affirm the district court's inclusion of attorney fees in its condemnation judgment.

DOUGLAS and PARRAGUIRRE, JJ., concur.

---

[15]*See* NRS 37.009(3) (defining ''judgment'' as the ''judgment determining the right to condemn property and fixing the amount of compensation to be paid by the plaintiff'').