An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, DEPARTMENT OF BUSINESS AND INDUSTRY, NEVADA TRANSPORTATION AUTHORITY,<br>Appellant,<br>vs.<br>GREGORY JAMES BLACK D/B/A TWO COLLEGE GUYS,<br>Respondents. | No. 61728 |

**FILED**

JUL 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

| | |
|---|---|
| STATE OF NEVADA, DEPARTMENT OF BUSINESS AND INDUSTRY, NEVADA TRANSPORTATION AUTHORITY,<br>Appellant,<br>vs.<br>GREGORY JAMES BLACK D/B/A TWO COLLEGE GUYS,<br>Respondents. | No. 62048 |

## *ORDER REVERSING IN PART AND AFFIRMING IN PART*

Consolidated appeals from a district court order granting judicial review of a Nevada Transportation Authority decision and a post-judgment order awarding costs. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Nevada Transportation Authority cited respondent Gregory Black, doing business as Two College Guys, for violating NRS 706.386(1), operating as an intrastate motor carrier without a certificate, and NRS 706.758(1), advertising the services of an intrastate motor carrier without a certificate. The NTA found that Black committed both violations, fined him, and ordered him to disconnect the telephone line

14 - 24842

associated with the advertisement. The district court granted Black's petition for judicial review and awarded him costs. The NTA appealed.

When reviewing an administrative agency's decision, this court, like the district court, must "review the evidence presented to the agency and ascertain whether the agency abused its discretion by acting arbitrarily or capriciously." *Father & Sons & A Daughter Too v. Transp. Servs. Auth. of Nev.*, 124 Nev. 254, 259, 182 P.3d 100, 103 (2008). We may only set aside an agency's decision if it is "affected by error of law or clearly erroneous in view of the reliable, probative, and substantial evidence in the record." *Id.* at 259, 182 P.3d at 104. We review a district court's interpretation of a statute de novo. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007).

*Substantial evidence supports the NTA's finding that Black violated NRS 706.386(1) by holding TCG out as willing to perform an intrastate move*

The NTA argues that Black operated as an intrastate common carrier in violation of NRS 706.386(1) by holding TCG out as willing to perform a full intrastate move of household goods, even though the NTA prevented Black and TCG from actually transporting household goods. Black argues that NRS 706.386(1) cannot be violated unless actual transportation of household goods occurs. NRS 706.386(1) makes it unlawful for a "[f]ully regulated common motor carrier to *operate* as a carrier of intrastate commerce . . . without first obtaining a certificate" from the NTA. (Emphasis added.) Because both interpretations of the word "operate" appear reasonable, we conclude that NRS 706.386(1) is ambiguous and we seek to interpret it to conform to the Legislature's intent. *See D.R. Horton, Inc.*, 123 Nev. at 476-77, 168 P.3d at 737-38.

We have stated that, for purposes of NRS 706.386, a fully regulated common carrier is "one who (1) holds himself out to the public as

(2) willing to transport household goods for hire." *Father & Sons & A Daughter Too*, 124 Nev. at 260, 182 P.3d at 104. We have also stated that NRS 706.386 cannot be violated without actual transportation of household goods, *id.* at 261, 182 P.3d at 105, but in *Father & Sons & A Daughter Too*, the issue was whether the cited entity was sufficiently involved in the transportation, not whether actual transportation occurred. *Id.* at 257-58, 182 P.3d at 103. Accordingly, this statement is dictum and is not controlling. *See, e.g., St. James Vill., Inc. v. Cunningham*, 125 Nev. 211, 216, 210 P.3d 190, 193 (2009).

The Legislature enacted NRS Chapter 706 to "to promote safe, adequate, economical and efficient service . . . in motor transportation" and "discourage . . . competition that may be detrimental to the traveling and shipping public or the motor carrier business within this State." NRS 706.151(1)(c), (e). Concluding that NRS 706.386(1) cannot be violated absent actual transportation of household goods would frustrate these purposes by requiring the NTA to allow uncertified entities to use the highways to complete illegal intrastate moves, potentially threatening the safety of goods and people and increasing competition between certified and uncertified entities. *See* NRS 706.151(1)(c), (e). In contrast, interpreting NRS 706.386(1) to allow preemptive enforcement by the NTA furthers these legislative purposes by preventing illegal use of the highways, thereby protecting the public and decreasing detrimental competition. *See* NRS 706.151(1)(c), (e). Accordingly, we conclude that NRS 706.386(1) may be violated if an uncertified entity holds itself out as willing to perform the services of an intrastate motor carrier, regardless of whether actual transportation of household goods occurs.

Given this interpretation, we also conclude that substantial evidence supports the NTA's finding that Black violated NRS 706.386(1). It is undisputed that Black's employees brought a truck to a customer's home and prepared to load the truck with the customer's household goods. Extensive evidence was presented that suggested that (1) the driving company that Black claimed was going to provide a driver for the truck either did not exist or was operated by Black, and (2) TCG employees would have completed the move but for the NTA's interference. Accordingly, the NTA's finding that Black violated NRS 706.386(1) is supported by substantial evidence. *See Father & Sons & A Daughter Too*, 124 Nev. at 259, 182 P.3d at 103-04. We therefore reverse the district court's order granting judicial review of this violation.

*The NTA's finding that Black violated NRS 706.758(1) by advertising full-service intrastate moves is not supported by substantial evidence*

However, we affirm the district court's order granting judicial review of the advertising violation. It is unlawful to advertise the services of an intrastate motor carrier without a certificate from the NTA. NRS 706.758(1). Although substantial evidence supports the NTA's finding that Black was prepared to provide such services, the only advertisement contained in the record did not mention intrastate moving services or any other services regulated by the NTA. Therefore, substantial evidence did not support the NTA's finding that Black violated NRS 706.758(1). *See Father & Sons & A Daughter Too*, 124 Nev. at 259, 182 P.3d at 103-04.

*The NTA waived appellate review of the award of costs*

The NTA also argues that a petition for judicial review is not a "special proceeding" in which costs may be awarded under NRS 18.020(4), and therefore the district court abused its discretion by awarding Black costs. However, because the NTA waived appellate review of the award of

costs by failing to file a motion to retax costs, we decline to address this argument. *See Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 493, 117 P.3d 219, 227 (2005). Moreover, because we affirm the district court's order granting judicial review of the NRS 706.758(1) violation, Black remains a prevailing party for purposes of costs. *See Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005) (stating that a prevailing party for purposes of an attorney fee award "'succeeds on any significant issue in litigation'" (quoting *Women's Fed. Sav. & Loan Ass'n v. Nev. Nat'l Bank*, 623 F. Supp. 469, 470 (D. Nev. 1985))). We therefore affirm the district court's order awarding costs.

Accordingly, we

ORDER the judgment of the district court REVERSED IN PART AND AFFIRMED IN PART.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Patrick Flanagan, District Judge
Robert L. Eisenberg, Settlement Judge
Attorney General/Carson City
Woodburn & Wedge
Washoe District Court Clerk