# IN THE SUPREME COURT OF THE STATE OF NEVADA

KOFI SARFO, M.D.,
Appellant,
vs.
STATE OF NEVADA, BOARD OF
MEDICAL EXAMINERS,
Respondent.

No. 73117

**FILED**

JUN 2 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion for preliminary injunction in an administrative agency matter. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Respondent Nevada State Board of Medical Examiners (the Board) ordered appellant Kofi Sarfo, M.D., to produce medical records for several of his patients to enable the Board's investigative committee (IC) to investigate a complaint filed against Dr. Sarfo. Dr. Sarfo refused to comply and filed a writ petition and a motion for injunctive relief in the district court, arguing that the Board violated his due process rights by keeping the actual complaint and identity of the complainant confidential. The district court denied Dr. Sarfo's request for injunctive relief, concluding that his due process rights were not violated, and thus, his underlying petition could not succeed on the merits. The Board moved for attorney fees and costs, which the district court granted. Dr. Sarfo now appeals, arguing that (1) the Board's investigative procedures violate his due process rights, (2) the Board improperly interprets NRS 630.336(4) to allow the Board to refuse to

18-24058

disclose the actual complaint and complainant, and (3) the district court abused its discretion in awarding the Board attorney fees and costs.

*The district court did not abuse its discretion in denying Dr. Sarfo's motion for a preliminary injunction*

A district court may issue a preliminary injunction if the plaintiff can show "(1) a likelihood of success on the merits; and (2) a reasonable probability that the non-moving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory damage is an inadequate remedy." *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004) (internal quotation marks omitted). "Determining whether to grant or deny a preliminary injunction is within the district court's sound discretion . . . , and the district court's decision will not be disturbed absent an abuse of discretion or unless it is based on an erroneous legal standard." *Id.*

Dr. Sarfo first argues the merits of his underlying petition, contending that physician's must have due process protections during the discipline process. Dr. Sarfo argues that his interest in practicing medicine is a property right in Nevada, and that the Board's procedures were not constitutionally sufficient because keeping the complaint and complainant confidential fails to provide adequate notice and a meaningful opportunity to respond. Further, Dr. Sarfo argues that because the IC also prosecutes administrative discipline cases brought before the Board, its functions exceed mere fact finding and are an extension of the adjudication process.

The Board argues that the district court did not abuse its discretion in denying Dr. Sarfo's motion for preliminary injunction because Dr. Sarfo cannot prevail on the merits of his underlying petition. Specifically, the Board argues that due process has not been implicated because there is no property interest at stake during the preliminary

investigation, due process does not attach to the fact-finding portion of the investigation, and the board is statutorily prohibited from providing Dr. Sarfo with a copy of the complaint. The Board further argues that Dr. Sarfo's motion was properly denied since he cannot show irreparable harm resulting from the IC's order to produce records, because irreparable harm does not exist when there is no actual or threatened injury and merely the possibility of an injury. Lastly, the Board argues that the public interest in regulating medical professionals and protecting the public from potentially unsafe or incompetent practitioners outweighs any potential harm to Dr. Sarfo.

There are two types of complaints that come before the Board: a complaint initially generated by a member of the public and a formal complaint generated by the IC following the completion of its investigation. *See* NRS 630.311. Upon receipt of the initial complaint filed by a member of the public against a physician, the Board must designate an IC to "review each complaint and conduct an investigation to determine if there is a reasonable basis for the complaint." NRS 630.311(1). The IC has no disciplinary powers and can only file a formal complaint with the Board if it concludes that a complaint from a member of the public has a reasonable basis. NRS 630.311(2). Once a formal complaint has been filed, the adjudicative process begins and the physician is provided with notice and an opportunity to be heard at a formal hearing. *See* NRS 630.339. Here, Dr. Sarfo is alleging a due process violation stemming from an initial complaint, not a formal complaint.

The Nevada Constitution requires that "[n]o person shall be deprived of life, liberty, or property, without due process of law." Nev. Const. art. 1, § 8(5). The district court, relying on *Hernandez v. Bennet-*

*Haron*, 128 Nev. 580, 287 P.3d 305 (2012), found that Dr. Sarfo could not prevail on the merits because due process was not implicated in this matter as the IC was merely performing investigatory fact-finding with no power to deprive Dr. Sarfo of his liberty interest. In *Hernandez*, we determined that the county coroner's fact-finding investigation of whether police officers used excessive force did not implicate due process rights because the county coroner was only tasked with fact-finding and not with adjudicating formal disciplinary proceedings. 128 Nev. at 591-93, 287 P.3d at 313-14. In fact, due process protections "need not be made available in proceedings that merely involve fact-finding or investigatory exercises by the government agency." *Id.* at 587, 287 P.3d at 311 (citing *Hannah v. Larche*, 363 U.S. 420, 442 (1960)). Here, the IC is tasked with "conduct[ing] an investigation to determine if there is a reasonable basis for the complaint." NRS 630.311(1).

Dr. Sarfo challenges the applicability of *Hernandez*, contending that the IC is distinguishable from the county coroner because the IC, unlike the county coroner, is able to file a formal complaint with the Board. However, NRS 630.352(1) states that

> [a]ny member of the Board, other than a member of an investigative committee of the Board who participated in any determination regarding a formal complaint in the matter or any member serving on a panel of the Board at the hearing of the matter, may participate in an adjudication to obtain the final order of the Board.

Thus, the IC fact-finders are statutorily prohibited from participating in the adjudication of any subsequent formal complaint. Accordingly, we conclude that the district court appropriately applied *Hernandez* to find that the IC, being tasked merely with investigatory fact-finding and filing a formal complaint, which they are then statutorily prohibited from later adjudicating themselves, did not implicate procedural due process

protections. As such, Dr. Sarfo has failed to show how he would be irreparably harmed at this investigatory stage of the administrative process.

Because the district court correctly found that Dr. Sarfo could not prevail on the merits because no due process right were implicated and Dr. Sarfo has failed to show irreparable harm, we conclude that the district court did not abuse its discretion in denying Dr. Sarfo's motion for a preliminary injunction. *See Univ. & Cmty. Coll. Sys. of Nev.*, 120 Nev. at 721, 100 P.3d at 187.

*The Board's interpretation of NRS 630.336 is reasonable and within the plain language of the statute*

Dr. Sarfo next argues that the Board incorrectly interprets the statute to mean that the complaint and complainant may be kept confidential from the licensee. NRS 630.336(4) states:

> Except as otherwise provided in subsection 5 and NRS 239.0115, a complaint filed with the Board pursuant to NRS 630.307, all documents and other information filed with the complaint and all documents and other information compiled as a result of an investigation conducted to determine whether to initiate disciplinary action are confidential.

Dr. Sarfo argues that this statute should be interpreted to mean that all documents related to the investigation should be kept confidential from non-related parties only, because the statute is meant to protect licensees from reputational damage from baseless complaints. He supports this position by pointing to the legislative history where the statute was amended to make only formal complaints public to prevent frivolous complaints from becoming public record. Dr. Sarfo also draws a comparison

Supreme Court
OF
Nevada

(O) 1947A

to judicial discipline proceedings, which require confidentiality with regard to the public rather than the target of the proceedings.

The Board argues that keeping the complaint and complainant confidential from the licensee is a reasonable interpretation of the statute. The Board further argues that if it is required to disclose the identity of the complainant to the licensee, members of the public would be more hesitant to file complaints against their doctors which would undermine the Board's duty to regulate the medical profession.

We review questions of statutory interpretation de novo. *Dykema v. Del Webb Cmtys., Inc.*, 132 Nev., Adv. Op. 82, 385 P.3d 977, 979 (2016). "[W]hen the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *Id.* (internal quotation marks omitted). We will "nonetheless defer to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008).

We conclude that NRS 630.336(4) is unambiguous and that the Board's interpretation falls "within the [plain] language of the statute." *Id.* The statute requires that complaints and complainants be kept confidential. Dr. Sarfo's argument appears to be that the Board is keeping the investigation more confidential than he believes the statute requires. However, nothing in the statute says that the complaint and complainant must be disclosed to the licensee in the investigatory phase. Keeping the complaint fully confidential, even from the licensee, is a reasonable interpretation of the statute's plain language. Additionally, the record

demonstrates that Dr. Sarfo's indicated in his declaration that he questioned all five of his patients, whose records were requested by the Board, to determine which one filed the complaint. This supports the Board's basis for its interpretation of the statute—that disclosing the complaint and complainant may make patients hesitant to report malpractice without the protection of confidentiality.

*The district court abused its discretion in awarding attorney fees and costs to the Board*

Dr. Sarfo argues that the district court abused its discretion in awarding attorney fees and costs to the Board. He contends that the Board was required to submit a proposed order in the district court, and its failure to do so is the reason why he did not amend his notice of appeal or case appeal statement to include the award of attorney fees and costs. Dr. Sarfo points out that under NRS 18.010, attorney fees can only be awarded to a prevailing party, and he argues that the Board is not a prevailing party because the case has not been finalized since the only issue that has been determined is injunctive relief. Dr. Sarfo further argues that in reality, he prevailed when the Board entered into a stipulation requiring Dr. Sarfo to only produce two years' worth of records rather than the Board's initial request for all records. Finally, Dr. Sarfo argues that his underlying claim was not frivolous because this court has previously held that other statutes regulating the medical profession are unconstitutional, so it is not irrational to believe they might do so in this case.

Relying on *Campos-Garcia v. Johnson*, 130 Nev. 610, 331 P.3d 890 (2014), the Board first argues that the district court's award of attorney fees and costs is not properly before this court because Dr. Sarfo is required to separately appeal such an order. However, we view this argument as misplaced. In *Campos-Garcia*, we held that an "order awarding attorney



fees and costs was independently appealable as a special order after final judgment, but appellant's amended notice of appeal was untimely as to that order." *Id.* at 612, 331 P.3d at 891 (citations omitted). While there has been no final order or judgment as the district court's order denying the motion for a preliminary injunction is interlocutory, the order awarding fees is a special order under NRAP 3A(b)(2), requiring a separate notice of appeal. The district court's order denying the preliminary injunction was entered on May 12, 2017, and Dr. Sarfo filed his notice of appeal on May 25, 2017. While it may have been Dr. Sarfo's expectation that the Board would draft and submit a proposed order to the district court, the fact remains that the district court's order awarding attorney fees and costs was not entered until November 15, 2017, and no separate notice of appeal or amended notice of appeal of that order has been filed. We therefore lack jurisdiction to entertain Dr. Sarfo's arguments regarding this special order.[1]

---

[1]We note, without deciding the issue, that NRS 18.010(2))(b) allows a court to award attorney fees to a "prevailing party," when the losing party's claim "was brought or maintained without reasonable ground or to harass the prevailing party." "A party can prevail under NRS 18.010 if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing the suit." *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005) (internal quotation marks omitted). "[T]he term 'prevailing party' is broadly construed so as to encompass plaintiffs, counterclaimants, and defendants." *Id.* But "this court has consistently held that a party cannot be a 'prevailing party' where the action has not proceeded to judgment." *Dimick v. Dimick*, 112 Nev. 402, 404, 915 P.2d 254, 256 (1996). "[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000).

Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED. However, on the issue of attorney fees and costs, we conclude that we lack jurisdiction to consider Dr. Sarfo's arguments regarding the special order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Michael Villani, District Judge
        Lansford W. Levitt, Settlement Judge
        Kofi Sarfo
        Hafter Law
        Robison, Sharp, Sullivan & Brust
        Eighth District Court Clerk