# IN THE SUPREME COURT OF THE STATE OF NEVADA

| |
|---|
| CITY OF HENDERSON, Appellant/Cross-Respondent, vs. LAS VEGAS REVIEW-JOURNAL, Respondent/Cross-Appellant. |

No. 75407

**FILED**

OCT 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF REVERSAL*

This is an appeal and cross-appeal from a district court order awarding attorney fees in an action to compel the production of records pursuant to the Nevada Public Records Act. Eighth Judicial District Court, Clark County; Mark B. Bailus, Judge.

The Las Vegas Review-Journal (LVRJ) submitted a public records request to the City of Henderson (City) pursuant to the Nevada Public Records Act (NPRA). After estimating that the request implicated approximately 70,000 documents, the City informed the LVRJ that it needed several weeks to review the documents and redact any confidential or privileged information contained therein. The City also informed the LVRJ that it would be responsible for paying certain costs that the City would incur in reviewing and redacting the requested documents. The LVRJ subsequently filed a petition in district court to compel the City to produce the requested records. The district court denied the petition and the LVRJ appealed. This court, in an unpublished order, affirmed in part and reversed in part the district court's order, instructing the district court to conduct further analysis on remand. *Las Vegas Review-Journal v. City*

19-43056

*of Henderson*, Docket No. 73287 (Order Affirming in Part, Reversing in Part, and Remanding, May 24, 2019).

Before the NPRA action was addressed by this court, the LVRJ moved for attorney fees, which the district court granted in part, concluding that the LVRJ had prevailed in its action to obtain access to records from the City but awarding less than the amount LVRJ requested. The City timely appealed, arguing that the LVRJ did not prevail in its public records action, and the LVRJ cross-appealed, arguing that the district court's partial award of attorney fees was an abuse of discretion.

We conclude that the district court erred in concluding that, despite failing on the claims for relief as set forth in its writ petition, the LVRJ nevertheless prevailed in its public records action and was entitled to attorney fees under the NPRA. Accordingly, we reverse the district court's partial award of attorney fees to the LVRJ.

While we generally review an award of attorney fees for an abuse of discretion, "when a party's eligibility for a fee award is a matter of statutory interpretation, . . . a question of law is presented" warranting de novo review. *In re Estate and Living Tr. of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009). The district court based its conclusion that the LVRJ was eligible for attorney fees on its interpretation of the NPRA, specifically whether the LVRJ was eligible for attorney fees as a prevailing party for purposes of NRS 239.011(2).[1] The district court based its

---

[1] The Legislature recently amended NRS 239.011. The effective date for those amendments is October 1, 2019, and thus they do not apply to the disposition here. S.B. 287, 80th Leg. (Nev. 2019).

conclusion on the NPRA's statutory language and this court's caselaw interpreting the NPRA. Accordingly, "we review the district court's interpretation of caselaw and statutory language de novo." *Las Vegas Metro. Police Dept. v. Blackjack Bonding, Inc.*, 131 Nev. 80, 85 343 P.3d 608, 612 (2015).

When a party requests access to a public record pursuant to the NPRA and the governmental entity denies the request, the requester may seek a court order permitting the requester to inspect or requiring the governmental entity to provide a copy of the public record. NRS 239.011(1). "If the requester prevails, the requester is entitled to recover his or her costs and reasonable attorney's fees in the proceeding from the governmental entity whose officer has custody of the [public record]." NRS 239.011(2). To qualify as a prevailing party in a public records action, the requester must "succeed[ ] on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015) (quoting *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005)). While a records requester "need not succeed on every issue" to prevail, *id.* at 90, 343 P.3d at 615, this court has "consistently held that a party cannot be a 'prevailing party' where the action has not proceeded to judgment." *Dimick v. Dimick*, 112 Nev. 402, 404, 915 P.2d 254, 256 (1996).

Here, as the district court recognized in its order, the LVRJ has not succeeded on any of the issues that it raised in filing the underlying action. The LVRJ's amended petition, filed after the City permitted the LVRJ to inspect responsive records over the course of several days at no

SUPREME COURT
OF
NEVADA

(O) 1947A

charge to the LVRJ, sought the following: (1) complete copies of all records that the City withheld and/or redacted as privileged, (2) injunctive relief prohibiting the City from enforcing its public records fee policies, (3) declaratory relief invalidating those municipal policies, and (4) declaratory relief limiting any fees for public records to no more than 50 cents per page. As discussed further below, the LVRJ has failed on each of these objectives, with the exception of one, which, according to the record before us, has not yet proceeded to judgment.

First, as to the LVRJ's request for copies of records that the City withheld based on attorney-client privilege and work-product privilege, the district court summarily denied the LVRJ's request for relief, finding that the privilege log provided to the LVRJ was timely, sufficient, and compliant with the NPRA. We affirmed the district court's order as to records identified in the City's privilege log as confidential and protected by attorney-client privilege and work-product privilege. *Las Vegas Review-Journal v. City of Henderson*, Docket. No. 73287 (Order Affirming in Part, Reversing in Part, and Remanding, May 24, 2019).

The LVRJ also failed on its declaratory and injunctive relief claims, which the LVRJ asserted in an attempt to invalidate the City's policies relating to the fees it assessed for processing records requests. The district court determined that the LVRJ's claims seeking invalidation of the City's fee policies were moot, and explicitly declined to decide those issues as raised in the LVRJ's amended petition. On appeal, we affirmed the district court's conclusion, holding that "[t]he issue of [the City's] fee became moot once [the City] provided the records to LVRJ free of charge," and rejecting the LVRJ's argument that the City's fee policy represented a harm

that is "capable of repetition, yet evading review." *Id.*

While we agreed with the LVRJ's argument that the district court failed to "consider the difference between documents redacted or withheld pursuant to . . . attorney-client privilege and those redacted or withheld pursuant to . . . deliberative process privilege," *id.*, the LVRJ cannot be a "prevailing party" as to that issue before the action has proceeded to a final judgment. *Dimick*, 112 Nev. at 404, 915 P.2d at 256. We reversed and remanded for the district court to analyze whether requested documents were properly withheld as confidential pursuant to the deliberative process privilege. We did not order the production of those records or copies of those records, as the LVRJ requested in its petition. We instructed the district court to conduct further analysis and determine whether, and to what extent, those records were properly withheld. The ultimate determination of the district court on that issue is not in the record before us. Because the sole remaining issue that the LVRJ raised in its underlying action has not yet proceeded to a final judgment, we conclude that the LVRJ is not a prevailing party. *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) ("[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for future consideration of the court, except for post-judgment issues such as attorney's fees and costs.").[2]

---

[2]Because we conclude that the LVRJ did not prevail in its underlying public records action and is not entitled to attorney fees, we need not address the LVRJ's cross-appeal argument that the district court erred in awarding a reduced amount of attorney fees and costs.

Accordingly, we

ORDER the judgment of the district court REVERSED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:    Hon. Mark B. Bailus, District Judge
       Israel Kunin, Settlement Judge
       Henderson City Attorney
       Bailey Kennedy
       McLetchie Law
       Eighth District Court Clerk

