**136 Nev., Advance Opinion 15**

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Appellant,
vs.
THE CENTER FOR INVESTIGATIVE
REPORTING, INC., A CALIFORNIA
NONPROFIT ORGANIZATION,
Respondent.

No. 77617

FILED

APR 0 2 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

No. 77965

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Appellant,
vs.
THE CENTER FOR INVESTIGATIVE
REPORTING, INC., A CALIFORNIA
NONPROFIT ORGANIZATION,
Respondent.

Consolidated appeals from a final judgment and post-judgment order awarding attorney fees in a public records action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

*Affirmed.*

Marquis Aurbach Coffing and Nicholas D. Crosby and Jacqueline V. Nichols, Las Vegas,
for Appellant.

Campbell & Williams and Philip R. Erwin and Samuel R. Mirkovich, Las Vegas,
for Respondent.

20-12548

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, SILVER, J.:

The Nevada Public Records Act (NPRA) requires governmental entities to make nonconfidential public records within their legal custody or control available to the public. NRS 239.010. If a governmental entity denies a public records request, the requester may seek a court order compelling production. NRS 239.011(1). If the requesting party prevails, the requester is entitled to attorney fees and costs. NRS 239.011(2). Here, we are asked to determine whether the requesting party prevails for purposes of an award of attorney fees and costs when the parties reach an agreement that affords the requesting party access to the requested records before the court enters a judgment on the merits. To answer that question, we adopt the catalyst theory. "Under the catalyst theory, attorney fees may be awarded even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation." *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 144 (Cal. 2004). Applying the catalyst theory here, we agree with the district court that respondent was entitled to reasonable attorney fees and costs under NRS 239.011(2). We therefore affirm.

*FACTUAL AND PROCEDURAL BACKGROUND*

In 1996, American rap artist Tupac Shakur was shot and killed at the intersection of Flamingo Road and Koval Lane in Las Vegas. The case is still an open investigation.

In December 2017, the Center for Investigative Reporting, Inc. (CIR) submitted a public records request to the Las Vegas Metropolitan

Police Department (LVMPD) under the NPRA. CIR sought records related to Tupac's murder. One month later, when LVMPD still had not responded to the request, CIR followed up and pointed out that LVMPD had not complied with the NPRA's five-day period for responding to public records requests. LVMPD responded that same day and notified CIR that the public records request was forwarded to a Public Information Officer for follow-up. Twelve days later, CIR reached out again and notified the Office of Public Information that LVMPD was more than one month overdue in responding to the public records request under the NPRA. CIR did not receive a response.

In March 2018, roughly three months after its initial request, CIR followed up for a third time, to no avail. About two weeks later, CIR's counsel sent a letter to LVMPD's Director of Public Information setting forth LVMPD's failure to comply with its statutory obligations under the NPRA and demanding a response within seven days. LVMPD responded eight days later by producing a two-page police report but failed to indicate whether additional records existed or were otherwise exempt. Then, CIR contacted LVMPD and inquired whether it had withheld records that were responsive to CIR's request and, if so, under what legal authority. Assistant General Counsel for LVMPD responded the following day, acknowledging that LVMPD should have originally advised CIR that it would research the request and respond within 30 days. Further, LVMPD stated that because Tupac's murder was an "open active investigation," any other records in the investigative file were (i) not public records under NRS 239.010(1), (ii) declared by law to be confidential, (iii) subject to the "law enforcement privilege," and (iv) protected from disclosure because law enforcement's

 


policy justifications for nondisclosure outweigh the public's interest in access to the records.

Dissatisfied with LVMPD's response, CIR contacted LVMPD and disputed that the records were confidential because LMVPD labeled the investigation "open" and "active" and again asked LVMPD to comply with its statutory obligations under the NPRA. However, LVMPD maintained the records were not subject to disclosure.

CIR then filed a petition for a writ of mandamus, seeking to inspect or obtain copies of all records related to Tupac's murder within LVMPD's custody and control. The district court indicated during a hearing on the petition that LVMPD had not met its burden of demonstrating that all records in the investigative file were confidential under Nevada law. The district court gave LVMPD two options: produce the requested records with redactions or participate in an in-camera evidentiary hearing regarding confidentiality. LVMPD opted for the latter, and the district court scheduled a sealed evidentiary hearing. But before the scheduled hearing, LVMPD and CIR reached an agreement: LVMPD would produce portions of its records along with an index identifying and describing any redacted or withheld records. As part of the agreement, CIR reserved the right to challenge LVMPD's redactions or withholdings and reserved the right to seek attorney fees and costs pursuant to NRS 239.011(2). Over the next three months, LVMPD provided CIR with roughly 1,400 documents related to Tupac's murder.

At a subsequent status check, LVMPD and CIR informed the district court that they disagreed as to whether CIR "prevailed" for purposes of an award of attorney fees and costs under NRS 239.011(2). CIR asserted that the district court should follow the catalyst theory of recovery, which

allows a petitioner to recover fees as the prevailing party in a public records case where the petitioner's actions led to the disclosure of information. LVMPD argued CIR had not prevailed because it did not obtain a judgment in its favor, given that the parties had reached an agreement before the district court entered a judgment on the merits. The district court entertained argument on the issue and ruled that CIR prevailed because the filing of its petition caused LVMPD to produce the records.[1] The district court subsequently entered a written order dismissing the petition as moot based on the parties' agreement, concluding that CIR had prevailed for purposes of NRS 239.011(2), and affording CIR time to file a motion for attorney fees and costs.

CIR thereafter filed its motion for attorney fees and costs. LVMPD opposed the motion and argued that NRS 239.012, which provides immunity from "damages" for withholding records in good faith, precluded an award of attorney fees and costs against it here. LVMPD also asserted that CIR improperly sought prelitigation fees, which it was not entitled to under NRS 239.011(2). The district court rejected LVMPD's immunity argument and awarded CIR attorney fees and costs. These appeals challenging the award of attorney fees followed.

## DISCUSSION

The primary issue before us is whether CIR prevailed for purposes of NRS 239.011(2). LVMPD argues that CIR did not prevail because the district court did not enter an order compelling production of

---

[1]Before the hearing, the case was transferred from Judge Joanna Kishner to Judge Elizabeth Gonzalez.

the requested records.[2] LVMPD contends that the district court erroneously applied the catalyst theory to determine whether CIR prevailed, instead of applying the prevailing party standard laid out in *Las Vegas Metropolitan Police Department v. Blackjack Bonding, Inc.*, 131 Nev. 80, 343 P.3d 608 (2015). CIR argues that it prevailed because the filing of its petition caused LVMPD to turn over the records, which it originally refused to disclose. Instead of requiring that the requester receive a judgment on the merits, CIR argues that this court should follow other courts that apply a catalyst theory to determine whether a requester prevailed and therefore is entitled to attorney fees.

The parties' arguments present a matter of statutory interpretation, which we review de novo. *Clark Cty. Coroner's Office v. Las Vegas Review-Journal*, 136 Nev., Adv. Op. 5, ___ P.3d ___, ___ (February 27, 2020). "When a statute is clear on its face, we will not look beyond the statute's plain language." *Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 122 Nev. 1298, 1302, 148 P.3d 790, 793 (2006). However, when a statute is ambiguous, we look to legislative history for guidance. *Id.* Finally, "we consider the policy and spirit of the law and will seek to avoid an interpretation that leads to absurd results." *Id.* (quoting *City Plan Dev., Inc. v. Office of the Labor Comm'r*, 121 Nev. 419, 435, 117 P.3d 182, 192 (2005) (internal citations omitted)).

NRS 239.011(1) provides that if a governmental entity denies a public records request, the requester may seek a court order permitting

---

[2]LVMPD alternatively argues that NRS 239.012 immunizes it from an attorney fees award under NRS 239.011(2) because it acted in good faith. We recently rejected that argument in *Clark County Coroner's Office v. Las Vegas Review-Journal*, 136 Nev., Adv. Op. 5, ___ P.3d ___, ___ (February 27, 2020).



inspection of the record or requiring the government to provide a copy of the record to the requester. NRS 239.011(2) provides that "[i]f the requester *prevails*, the requester is entitled to recover his or her costs and reasonable attorney's fees in the proceeding from the governmental entity whose officer has custody of the book or record."[3] (Emphasis added.) However, the Legislature did not define "prevails."

We have addressed NRS 239.011(2) once before in *Las Vegas Metropolitan Police Department v. Blackjack Bonding, Inc.*, 131 Nev. 80, 343 P.3d 608 (2015). There, we held that a requester prevails for NPRA purposes if the requester "succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." 131 Nev. at 90, 343 P.3d at 615 (quoting *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005)). Ultimately, we determined that the requester there was a "prevailing party" for purposes of NRS 239.011(2) because it obtained a writ compelling the production of records that were wrongfully withheld. *Id.* Notably, the two cases cited in *Blackjack Bonding* addressed statutory provisions that allow an attorney fees award to a "prevailing party." *Id.*; *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (interpreting 42 U.S.C. § 1988, which allows an attorney fees award to a "prevailing party" in federal civil rights actions); *Overfield*, 121 Nev. at 10, 106 P.3d at 1200 (addressing NRS 18.010, which allows an attorney fees award to a "prevailing party" in civil actions under certain circumstances). However, the Legislature utilized the broader term "prevails" in drafting NRS

---

[3]The Legislature amended NRS 239.011 during the 2019 session. 2019 Nev. Stat., ch. 612, § 7, at 4007-08. The amendments apply to actions filed on or after October 1, 2019. *Id.* § 11, at 4008. As the underlying action was filed in 2018, those amendments do not apply. But notably, the language relevant to the issue presented here was not materially changed.

239.011(2). Moreover, here, the district court did not enter an order compelling production of the records because the parties came to an agreement before the district court could enter an order on the merits. Thus, *Blackjack Bonding* does not address the specific issue raised by this appeal: whether a requester prevails under NRS 239.011(2) where the governmental entity voluntarily produces the requested records before the court enters an order on the merits.

Although we have not addressed that issue, other state courts have done so in the context of attorney fee provisions in public records statutes similar to NRS 239.011(2). Those courts have rejected a stringent requirement that public records requesters must obtain an order on the merits to prevail for purposes of an attorney fees award. *See, e.g., Belth v. Garamendi*, 283 Cal. Rptr. 829, 831-32 (Ct. App. 1991); *Uptown People's Law Ctr. v. Dep't of Corr.*, 7 N.E.3d 102, 108-09 (Ill. App. Ct. 2014). For example, in *Mason v. City of Hoboken*, the New Jersey Supreme Court considered a statute that closely resembles NRS 239.011(2) in providing that a "requester who *prevails* in any proceeding shall be entitled to a reasonable attorney's fee." 951 A.2d 1017, 1031 (N.J. 2008) (emphasis added) (quoting N.J. Stat. Ann. § 47:1A-6 (West 2014)). The court adopted the "catalyst theory,"[4] holding that "requestors are entitled to attorney's

---

[4]The catalyst theory developed to guide courts in determining whether a plaintiff had "substantially prevailed" in an action under the Freedom of Information Act (FOIA). *See, e.g., First Amendment Coal. v. U.S. Dep't of Justice*, 878 F.3d 1119, 1127 (9th Cir. 2017) (listing cases). Although the United States Supreme Court held in 2001 that the catalyst theory could not be used to award attorney fees and costs under two federal acts that allowed the "prevailing party" to obtain an award of attorney fees and costs, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-10 (2001), Congress amended FOIA in 2007

fees under [the Open Public Records Act], absent a judgment . . . , when they can demonstrate: (1) 'a factual causal nexus between plaintiff's litigation and the relief ultimately achieved'; and (2) 'that the relief ultimately secured by plaintiffs had a basis in law.'" *Id.* at 1032 (citing *Singer v. State*, 472 A.2d 138 (N.J. 1984)).

In adhering to the catalyst theory, the New Jersey Supreme Court noted the legislature's use of the broad term "prevails" as opposed to the legal term of art "prevailing party." *Id.* at 1032. Nevada's Legislature similarly used the broad term "prevails" in drafting NRS 239.011(2). The New Jersey Supreme Court also pointed out a policy reason for allowing an attorney fees award in a public records action absent a judgment on the merits—the potential for government abuse in that an agency otherwise could "deny access, vigorously defend against a lawsuit, and then unilaterally disclose the documents sought at the eleventh hour to avoid the entry of a court order and the resulting award of attorney's fees." *Id.* at 1031. We agree that this is a sound policy reason and supports utilizing the catalyst theory to determine whether a requester has prevailed in an NPRA lawsuit. That theory also promotes the Legislature's intent behind the NPRA—public access to information. *See* NRS 239.001.

Under the catalyst theory, a requester prevails when its public records suit causes the governmental agency to substantially change its behavior in the manner sought by the requester, even when the litigation does not result in a judicial decision on the merits. *Graham v.*

---

and a number of circuit courts of appeal have held that the amendment restored the catalyst theory in FOIA litigation. *See First Amendment Coal.*, 878 F.3d at 1128-29 (discussing cases that address the impact of the 2007 amendment).

 

*DaimlerChrysler Corp.*, 101 P.3d 140, 148 (Cal. 2004). But as the Ninth Circuit has explained, "[t]here may be a host of reasons why" a governmental agency might "voluntarily release[ ] information after the filing of a [public records] lawsuit," including reasons "having nothing to do with the litigation." *First Amendment Coal.*, 878 F.3d at 1128. In other words, while "'the mere fact that [the government] ha[s] *voluntarily* released documents [should] not preclude an award of attorney's fees to the [requester],' it is equally true that 'the mere fact that information sought was not released until after the lawsuit was instituted is insufficient to establish that'" the requester prevailed. *Id.* (quoting *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 491-92 (9th Cir. 1983)). Accordingly, there must be a "causal nexus between the litigation and the voluntary disclosure or change in position by the Government." *Id.*

We therefore hold that a requester is entitled to attorney fees and costs under NRS 239.011(2) absent a district court order compelling production when the requester can demonstrate "a causal nexus between the litigation and the voluntary disclosure or change in position by the Government." *First Amendment Coal.*, 878 F.3d at 1128. To alleviate concerns that the catalyst theory will encourage requesters to litigate their requests in district court unnecessarily, the court should consider the following three factors: (1) "when the documents were released," (2) "what actually triggered the documents' release," and (3) "whether [the requester] was entitled to the documents at an earlier time." *Id.* at 1129 (quoting *Church of Scientology*, 700 F.2d at 492). Additionally, the district court should take into consideration (1) whether the litigation was frivolous, unreasonable, or groundless, and (2) whether the requester reasonably attempted to settle the matter short of litigation by notifying the

Supreme Court
of
Nevada

(O) 1947A

10

governmental agency of its grievances and giving the agency an opportunity to supply the records within a reasonable time.[5] *See Graham*, 101 P.3d at 154-55 (discussing limitations on the catalyst theory).

Applying the catalyst theory here, the district court determined that CIR prevailed for purposes of NRS 239.011(2). We agree. CIR tried to resolve the matter short of litigation. CIR put LVMPD on notice of its grievances and gave LVMPD multiple opportunities to comply with the NPRA. At each juncture, LVMPD either failed to respond or claimed blanket confidentiality. It was not until CIR commenced litigation and the district court stated at a hearing that LVMPD did not meet its confidentiality burden that LVMPD finally changed its conduct. The record thus supports the conclusion that the litigation triggered LVMPD's release of the documents. LVMPD does not proffer any other reason aside from the litigation that it voluntarily turned over the requested documents. And it appears that CIR was entitled to at least some of the documents at an earlier time because it is unlikely the blanket confidentiality privilege LVMPD eventually asserted applied to all responsive documents in LVMPD's possession. Critically, LVMPD agreed to turn over roughly 1,400 documents when faced with an in-camera evidentiary hearing. Thus, the record supports the district court's determination that the lawsuit was the catalyst for the LVMPD's release of the requested records. Accordingly, CIR

---

[5]A requester seeking fees under NRS 239.011(2) has the burden of proving that the commencement of the litigation caused the disclosure. *Mason*, 951 A.2d at 1032. However, that burden shifts to the responding agency when the agency fails to respond at all within five business days. *Id.*; *see* NRS 239.0107. In such cases, the agency must prove that the commencement of the litigation was not the catalyst for the disclosure. *Mason*, 951 A.2d at 1032.

SUPREME COURT
OF
NEVADA

(O) 1947A

prevailed in the NPRA proceeding and is entitled to attorney fees and costs pursuant to NRS 239.011(2). As the LVMPD does not otherwise challenge the attorney fees and costs award, we affirm the judgments of the district court.[6]

_____, J.
Silver

We concur:

_____, J.
Gibbons

_____, J.
Stiglich

_____

[6]Although LVMPD argues that the district court erred by including prelitigation fees in the award, our review of the record and the district court's order confirms that the district court *did not* include prelitigation fees and costs in the award.