NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRODOX, LLC,

              Plaintiff - Appellee,

  v.

PROFESSIONAL DOCUMENT
SERVICES, INC., doing business as
ProDoc-Kytel,

              Defendant - Appellant.

No. 24-2409

D.C. No.
2:20-cv-02035-JAD-NJK

MEMORANDUM*

PRODOX, LLC,

              Plaintiff - Appellant,

  v.

PROFESSIONAL DOCUMENT
SERVICES, INC.,

              Defendant - Appellee.

No. 24-2753

D.C. No.
2:20-cv-02035-JAD-NJK

PRODOX, LLC,

              Plaintiff - Appellee,

  v.

No. 24-5646

D.C. No.
2:20-cv-02035-JAD-NJK

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PROFESSIONAL DOCUMENT
SERVICES, INC.,

          Defendant - Appellant.

PRODOX, LLC,

          Plaintiff - Appellant,

  v.

PROFESSIONAL DOCUMENT
SERVICES, INC.,

          Defendant - Appellee.

No. 24-6013

D.C. No.
2:20-cv-02035-JAD-NJK

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 11, 2025[**]
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

This case arises from a dispute between two litigation support services companies, ProDox, LLC ("ProDox") and Professional Document Services, Inc., ("PDS"). After a bench trial, the district court awarded ProDox $217,500 in liquidated damages for PDS's breach of the parties' settlement agreement (the "Agreement"). The district court also awarded ProDox $133,860.75 in attorneys'

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

fees. PDS appealed the merits judgment and the attorneys' fees judgment. ProDox cross-appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm the final judgment and the award of attorneys' fees, and we dismiss ProDox's challenge to the denial of summary judgment.

## I.

1. Reviewing de novo, we affirm the district court's conclusion that the notice-and-cure provision does not limit PDS's liability under the liquidated damages clause. *See Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1058 (9th Cir. 2020). The Agreement's notice-and-cure provision requires that "prior to commencing any action for recovery, ProDox shall first notify PDS of the perceived violation in writing" and that "PDS shall have thirty (30) calendar days in which to cure." The district court correctly held that the provision gives PDS the opportunity to cease any ongoing violations to prevent ProDox from going to court to enforce the permanent injunction. It does not, however, prevent ProDox from assessing liquidated damages based on violations that have already occurred. Under Nevada law, "contracts will be construed from the written language and enforced as written." *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990). The district court did not err in interpreting the Agreement as written.

2. The district court also correctly determined that PDS waived the affirmative defense that the liquidated damages provision in the Agreement was an

3

unenforceable penalty. PDS did not raise the penalty defense until after discovery closed and relied upon the provision's enforceability to avoid discovery obligations. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (defining waiver). As the district court put it, "[i]t would be inequitable to now determine that ProDox has to overcome a defense that PDS so clearly did not advance earlier in the litigation, and particularly after PDS relied on the validity of the provision to avoid providing evidence of actual damages in the first place." Thus, the district court correctly determined that PDS waived the penalty defense.[1]

3. PDS challenges the district court's factual findings as to the number of violations proven at trial. Based upon our review of the record, we conclude that the district court did not clearly err in evaluating the trial testimony and PDS's transaction records to establish the number of violations. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004) (reviewing factual findings after a bench trial for clear error).

---

[1] PDS's contrary authority, *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212 (9th Cir. 1989), is distinguishable. In that case, the Ninth Circuit declined to find waiver because the plaintiffs "failed to allege prejudice in their ability to respond" to the penalty defense, and the plaintiffs "did not argue waiver during the trial[.]" *Id.* at 215. Here, in contrast, ProDox *did* argue waiver and prejudice at trial. Thus, *Idaho Plumbers* does not control here.

4. We reject PDS's argument that the district court "selectively enforce[ed] the federal rules against PDS." Federal Rule of Civil Procedure 37 prohibits the use of undisclosed information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The district court did not abuse its discretion in disallowing PDS's undisclosed evidence at trial. Nor did the district court abuse its discretion in allowing ProDox to present its liquidated damages claim because ProDox consistently maintained that it intended to seek such damages under the Agreement. Likewise, the district court's decision to reopen the case for additional testimony was "a matter within the discretion of the trial judge." *Merritt-Chapman & Scott Corp. v. Frazier*, 289 F.2d 849, 854 (9th Cir. 1961).

## II.

5. We dismiss ProDox's cross-appeal challenge to the district court's summary judgment ruling. "[T]he denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits." *Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir. 2000) (quoting *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358–59 (9th Cir. 1987)).

6. The district court's refusal to entertain a second summary judgment motion was not an abuse of discretion. "[D]istrict courts retain discretion to weed out frivolous or simply repetitive motions." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).

7. The district court correctly denied ProDox's motion for a directed verdict during the bench trial. Because ProDox failed to introduce the full summary judgment record at trial, the district court did not clearly err in its conclusion that ProDox established just 82 violations at trial.

## III.

8. We affirm the district court's conclusion that ProDox was the prevailing party under Nevada Law. The Nevada Supreme Court has explained that "a party need not succeed on every issue" to be a prevailing party. *LVMPD v. Blackjack Bonding*, 343 P.3d 608, 615 (Nev. 2015). Rather, a party can prevail "if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." *Valley Elec. Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (citation omitted). As PDS concedes, ProDox brought a breach of contract claim to enforce the Agreement and won. ProDox therefore succeeded on the linchpin issue in this litigation and achieved "the benefit it sought in bringing suit."[2] *Id.* at 1200.

9. The district court did not abuse its discretion in concluding this case did not qualify as an "exceptional case[]" under 15 U.S.C. § 1117(a). The district court considered the "totality of the circumstances," including the merits of ProDox's

---

[2] That PDS won summary judgment on one claim and ProDox voluntarily dismissed its trademark infringement allegations does not change this analysis. Nevada law evaluates whether a party prevailed in a "substantial aspect of the case." *Davis v. Beling*, 278 P.3d 501, 515 (Nev. 2012). The district court correctly determined that PDS's victories were not a substantial aspect of this case.

trademark claim and the parties' respective litigation conduct. *SunEarth, Inc. v. Sun Earth Solar Power Co. Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). We agree with the district court's conclusion that, even assuming PDS prevailed on the Lanham Act claims, this case was not exceptional under § 1117(a).

10. We reject PDS's argument that the district court's fee award was unreasonable. Under Nevada law, the relevant factors when determining reasonable attorneys' fees include: "(1) the qualities of the attorney, (2) the character of the work to be done, (3) the actual work performed by the attorney, and (4) the case's result." *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)). The district court correctly considered and rejected PDS's challenges to ProDox's time spent responding to PDS's aggressive litigation tactics.

## IV.

11. ProDox's challenge to the district court's decision to reduce the fee award is likewise unpersuasive. Although the district court concluded that ProDox's time spent and rates were reasonable, the district court reduced ProDox's requested fees by 50 percent because of ProDox's "limited success" at the bench trial. Nevada law explicitly allows consideration of "the case's result" when determining whether a fee award was reasonable. *Id.* That evaluation includes a

comparison between the potential judgment and the judgment achieved. *See id.*

The district court therefore acted within its discretion in reducing ProDox's fees

given ProDox's deficient performance at trial.

**AFFIRMED IN PART AND DISMISSED IN PART**.